IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TIERONE BANK and BRANCH** | § | |
| **BANKING AND TRUST CO.,** | § | |
| | § | |
| Appellants, | § | |
| | § | |
| v. | § | Civil Action No. **3:10-CV-0471-L** |
| | § | |
| **DLH MASTER LAND HOLDING** | § | |
| **LLC, et al.**, | § | |
| | § | |
| Appellees. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Appellants TierOne Bank and Branch Banking and Trust Company's

Motion to Appeal Under 28 U.S.C. § 158(A)(1), or, Alternatively, Request Leave to Appeal Under

28 U.S.C. § 158(A)(3), filed March 8, 2010.  Appellees DLH Master Land Holding, LLC and Allen

Capital Partners, LLC oppose the motion.  After carefully considering the motion, record, and

applicable law, the court **denies** Appellants' Motion to Appeal Under 28 U.S.C. § 158(A)(1), or,

Alternatively, Request Leave to Appeal Under 28 U.S.C. § 158(A)(3).

## I.      Background

Appellants TierOne Bank ("TierOne") and Branch Banking and Trust Company ("BB&T")

(collectively, "Appellants") seek leave to appeal the bankruptcy court's February 9, 2010 Second

Interim Order Regarding Cash Collateral ("Cash Collateral Order").  They contend that the

bankruptcy court incorrectly held that a lease and rent assignment document did not absolutely

assign certain rents to them under Texas law.  They argue that the Cash Collateral Order is a final

determination of rights with respect to the rents in question and, in the alternative, that leave for

**Memorandum Opinion and Order  - Page 1**

interlocutory appeal is appropriate because a substantial ground for a difference in opinion exists and an immediate appeal would materially advance the determination of the litigation over these issues.

Appellees DLH Master Land Holding, LLC ("DLH") and Allen Capital Partners, LLC ("ACP") (collectively, "Appellees") oppose the motion. They argue that the Cash Collateral Order is not a final order. They further argue that the court should not grant Appellants leave to file an interlocutory appeal, which is generally disfavored.

## II.      Analysis

### A.      Final Order

The court first considers whether the Cash Collateral Order is a final order pursuant to 28 U.S.C. § 158(a)(1). This circuit has recognized that "[t]he rule for appeals in bankruptcy cases is necessarily mor flexible than is the traditional rule under 28 U.S.C. § 1291" and that "an order which ends a discrete judicial unit in the larger case concludes a bankruptcy proceeding and is a final judgment for the purposes of section 158(d)." *In re Heard Family Trucking, Inc.*, 41 F.3d 1027, 1029 (5th Cir. 1995) (internal quotations and citations omitted); *see also In re Orr*, 180 F.3d 656, 659 (5th Cir. 1999) ("A bankruptcy case need not be appealed as a single judicial unit at the end of the entire bankruptcy proceeding, but the order must constitute a final determination of the rights of the parties to secure the relief they seek in this suit, or the order must dispose of a discrete dispute within the larger bankruptcy case for the order to be considered final.") (internal quotations and citations omitted).

Appellants contend that the Cash Collateral Order is a final order because is a final determination of the rights with respect to the ownership of certain rents. They cite *Commerce Bank*

*v. Mountain View Village, Inc.*, 5 F.3d 34 (3d Cir. 1993), and contend that in that case the court held that a bankruptcy court's order on a motion for emergency use of cash collateral was a final order pursuant to 28 U.S.C. § 158(d).  Appellants also cite *In re Waste Conversion Technologies, Inc.*, 205 B.R. 1004 (D. Conn. 1997), and *Johnson v. Taxel*, 178 B.R. 216, 218 (B.A.P. 9th Cir. 1995).

Appellees respond that the order by its terms is not a final order.  They point out that the order specifically contemplates a final order.  They argue that the rent issue is but one issue involved in their dispute, that the order does not finally dispose of the issue, and that they have not been granted any right to use the rents at issue.  They cite several cases that state that preliminary orders are not appealable and distinguish the cases cited by Appellants.

The Cash Collateral Order states:  "The use of the rents as cash collateral simply can wait." It also anticipates a "final hearing prior to March 15, 2010."   The court determines that notwithstanding the citation of cases from other jurisdictions by Appellants, which are not binding on this court, the Cash Collateral Order does not meet the definition of an appealable final order as defined by this circuit.  There has been no final determination of the issues Appellants seek to appeal.  A final hearing has been scheduled for March 30, 2010, and the bankruptcy court may change its decision at that hearing.  There is no prejudice to Appellants because Appellees have not been granted the right to use the post-petition rents.  Accordingly, the court concludes that the Cash Collateral Order is not a final, appealable order pursuant to 28 U.S.C. § 158(a)(1).

### B.      Leave to File Interlocutory Appeal

In the alternative, Appellants seek leave to file an interlocutory appeal pursuant to 28 U.S.C. § 158(a)(3).  They argue that this case meets the standard set forth under 28 U.S.C. § 1292(b) because there is a controlling question of law and a difference of opinion within this circuit, and an

immediate appeal would advance the litigation.  Appellees respond that none of the criteria has been met in this case.

As Appellants note, district courts commonly apply the standards of 28 U.S.C. § 1292(b) in considering whether to grant leave to allow an interlocutory appeal from an order of the bankruptcy court. *In re Ichinose*, 946 F.2d 1169, 1177 (5th Cir. 1991).  That statute requires a finding that the underlying order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).

The court need not address the first two elements of the standard because it determines that the third is dispositive in this case.  With a final hearing set in two weeks that may make a ruling in this appeal moot, the court will not grant leave for an interlocutory appeal.  The bankruptcy court may reverse itself.  If it does not, the parties may have an order that they can appeal as a final order within two weeks.  The court finds that there is no reason to allow an interlocutory appeal in this case given that such appeals can be disruptive and are disfavored.  *In re Cross*, 666 F.2d 873, 878 (5th Cir. 1982).  Accordingly, the court determines that Appellants have failed to show that an interlocutory appeal is warranted in this case.

## III.     Conclusion

For the foregoing reasons, the court **denies** Appellants' Motion to Appeal Under 28 U.S.C. § 158(A)(1), or, Alternatively, Request Leave to Appeal Under 28 U.S.C. § 158(A)(3).

**It is so ordered** this 16th day of March, 2010.

Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order  - Page 4**